UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN CLARK,

                         Plaintiff,                                    **ANSWER**

vs.                                                                    Civil No. 19-1387

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY, CLYDE UTZ, and
MARLENE ENGLE,

                         Defendants.

---

Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY ("Nationwide"), by its attorneys, HURWITZ & FINE, P.C., as and for its answer to Plaintiff's complaint, upon information and belief, states:

### AS AND FOR AN ANSWER
### TO THE FIRST CAUSE OF ACTION:

1.    Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

2.    As to paragraph 2, admits that Nationwide is authorized to carry on business in New York State and authorized to sell insurance in New York State, including homeowners' insurance, but otherwise denies having knowledge and information sufficient to form a belief as to the remainder of the allegations.

3.    Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

4.    Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

2

5.       Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5.

6.       Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6.

7.       Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8.       Denies the allegations contained in paragraph 8.

9.       Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9.

10.      As to paragraph 10, admits that the Nationwide issued a homeowners' insurance policy to Marlene Engel for the policy period February 7, 2016 to February 7, 2017 (the "Nationwide policy"), and refers the Court to the terms, conditions, and exclusions of the Nationwide policy in responding to the rest of the allegations contained in paragraph 10.

11.      Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12.      Denies the allegations contained in paragraph 12.

**AS AND FOR AN ANSWER**
**TO THE SECOND CAUSE OF ACTION:**

13.      Incorporates the other allegations of this answer by reference in response to paragraph 13 of the complaint.

14.      Denies having knowledge and information sufficient to form a belief as to the allegations regarding Plaintiff's underlying action contained in paragraph 14, and refers the Court to the terms, conditions, and exclusions of the Nationwide policy in responding to the rest of the allegations contained in paragraph 14.

15.     Denies the allegations contained in paragraph 15.

16.     Denies having knowledge and information sufficient to form a belief as to the allegations regarding Plaintiff's underlying action contained in paragraph 16, defers all questions of law to the Court, and refers the Court to the terms, conditions, and exclusions of the Nationwide policy in responding to the rest of the allegations contained in paragraph 16.

17.     Denies the allegations contained in paragraph 17.

18.     Denies the allegations contained in paragraph 18.

19.     Denies the allegations contained in paragraph 19.

20.     Deny each and every other allegation not heretofore controverted.

## AFFIRMATIVE DEFENSES

Without altering the burdens of proof or assuming any burden that it would not otherwise have, this defendant asserts the following affirmative and other defenses upon information and belief:

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES, UPON INFORMATION AND BELIEF:

21.     The claims asserted by the Plaintiff against Nationwide are barred in whole or in part by the terms, exclusions, conditions, and limitations contained in the Nationwide policy.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES, UPON INFORMATION AND BELIEF:

22.     The Nationwide policy contains an exclusion that removes coverage where a dog has a prior history of biting or causing bodily injury to a person as established through records, as set forth in the Nationwide policy.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

23.    Clyde Utz is not insured under the Nationwide policy.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

24.    Nationwide did not breach the terms and/or conditions of the policy it issued to

Marlene Engel.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

25.    Plaintiff, a stranger to the Nationwide policy, lacks standing to bring a claim of

bad faith against Nationwide.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

26.    Plaintiff lacks standing to bring a claim of bad faith against Nationwide because

Marlene Engel did not assign her rights under the policy to Plaintiff.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

27.    Plaintiff has failed to comply with the prerequisites to bringing a direct action as

set forth in Insurance Law 3420(a)(2) and (b).

**AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

28.     Plaintiff has failed to mitigate his alleged damages as to the claims and damages

asserted in this action against Nationwide.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

29.     Plaintiff's Complaint fails to state a cause of action for which relief may be

granted.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

30.     Plaintiffs' action is barred by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

31.     Plaintiffs have not sufficiently served this Defendant with process.

**AS AND FOR A TWELFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

32.     This Honorable Court lacks personal jurisdiction over this Defendant.

**AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

33.     Plaintiffs are not entitled to coverage under the Nationwide policy based upon

the doctrines of waiver, laches, estoppel, and unclean hands.

**AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, NATIONWIDE ALLEGES,
UPON INFORMATION AND BELIEF:**

34.    Plaintiff has fraudulently joined Defendants, Clyde Utz and Marlene Engel to

this action in an attempt to circumvent federal court jurisdiction.

**WHEREFORE**,  Defendant,  NATIONWIDE  PROPERTY  AND  CASUALTY

INSURANCE COMPANY, demands judgment as follows:

1.    Dismissing the Complaint in its entirety;

2.    Such other and further relief as this Court may deem just, equitable, and proper,

together with the costs and disbursements in connection with this action.


DATED:    Buffalo, New York
          October 11, 2019


                                        HURWITZ & FINE, P.C.

                                        _____
                                        John R. Ewell, Esq.
                                        *Attorneys for Defendant Nationwide*
                                        *Property & Casualty Insurance Company*
                                        1300 Liberty Building
                                        Buffalo, New York 14202
                                        (716) 849-8900


To:    Taylor Golba, Esq.
       Lipsitz Green Scime Cambria LLP
       42 Delaware Avenue, Suite 120
       Buffalo, New York 14202

cc:    Clyde Utz
       11580 Broadway
       Alden, New York 14004

       Marlene Engel
       11580 Broadway
       Alden, New York 14004